UNITED STATES DISTRICT COURT FOR THE
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL BERGETZ and CARL BERGETZ, as Special Administrators and Special Representatives for ALICE BERGETZ, deceased, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 07 CV 5926 |
| -vs- | ) ) **JURY TRIAL DEMANDED** |
| SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, d/b/a BRIGHTON GARDENS OF PROSPECT HEIGHTS, | ) ) Judge Der-Yeghiayan ) ) ) Magistrate Judge Denlow |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT AT LAW

NOW COME Plaintiffs, PAUL BERGETZ and CARL BERGETZ, as Special Administrators and Special Representatives for ALICE BERGETZ, deceased, by and through their undersigned counsel, and for Decedent's causes of action against Defendant allege and state as follows:

## PARTIES

1. Plaintiffs, PAUL BERGETZ and CARL BERGETZ, as Special Administrators and Special Representatives for ALICE BERGETZ, deceased, (hereinafter "Plaintiffs"), are individuals and citizens of the State of Illinois. (See Court order appointing Plaintiffs as Special Administrators and Special Representatives for Decedent, attached hereto as Exhibit "A").

2. At all times relevant hereto, Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC. (hereinafter "SSLM"), a foreign corporation, d/b/a BRIGHTON GARDENS, is and was a Virginia Corporation registered or licensed to do business in the State of Illinois, and was indeed doing business in the State of Illinois, including

Cook County. BRIGHTON GARDENS was duly authorized and licensed to operate and engage in business as a nursing home and did so upon its premises located at 700 E. Euclid Ave., Prospect Heights, Illinois, 60070. Upon information and belief, SSLM operated and/or managed BRIGHTON GARDENS of Prospect Heights, Illinois, before and on November 5, 2006, and continues to do so presently. Defendant, SSLM, d/b/a BRIGHTON GARDENS, may be served with service of process by serving its registered agent, C T Corporation System, 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

## FACTUAL ALLEGATIONS

3. From May 2004 to November 2006, Decedent, ALICE BERGETZ (hereinafter "Decedent"), was a resident of BRIGHTON GARDENS.

4. By March 2006, BRIGHTON GARDENS, by and through its agents, servants and/or employees, considered Decedent a high risk for falls with a history of falls, requiring physical assistance for balance while both standing and sitting.

5. On or about August 14, 2006, Decedent fell and injured herself while sitting in her wheel chair in the skilled nursing dining hall. At the time of this fall, BRIGHTON GARDENS, by and through its agents, servants and/or employees, left Decedent unattended.

6. On or about November 5, 2006, Decedent again fell while sitted in her wheel chair in the skilled nursing dining hall. At the time of this fall, BRIGHTON GARDENS, by and through its agents, servants and/or employees left Decedent unattended. At the time of this fall, the one nurse on duty for the dining hall was on her break and no nursing staff member was in the dining room.

7. At the time of Decedent's November 5, 2006 fall, Decedent was found lying on the floor in the skilled nursing dining hall by the kitchen staff. Thereafter, because no nursing staff member was present or available, the nurse from Assisted

2

Living was called to assist the Decedent.

8.  As a result of her fall, Decedent suffered a cervical spine fracture at C2, involving great pain and suffering, and she consequently died on November 6, 2006.

## COUNT I
### Nursing Home Care Act—Survival Act Claim against SSLM

9.  Plaintiffs hereby incorporate by reference, as if fully set forth herein, the allegations in Paragraph 1 through Paragraph 8 above.

10.  Plaintiffs bring Count I as Special Representatives for Decedent pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, and 735 ILCS 5/13-209.

11.  At all times relevant hereto, Defendant, SSLM, by and through its agents, servants and/or employees, knew that Plaintiff required personal and physical assistance in sitting and standing.

12.  At all times relevant hereto, the Nursing Home Care Act, 210 ILCS 45/1-101 et seq., was in full force and effect in the State of Illinois and its provisions apply to Defendant herein.

13.  At all times relevant hereto, Defendant, by and through its agents, servants and/or employees, owed the following duties to its residents including Decedent:

   a)  Avoid neglect of a resident, including Decedent, as defined by 210 ILCS 45/1—117 and 2-107;

   b)  Provide a reasonably save environment for its residents, namely Decedent; and

   c)  Provide the level and quality of care commensurate with the standards of nursing homes in the community.

14.  Notwithstanding any of its duties described above, Defendant, by and through its agents, servants and/or employees, engaged in negligent acts or omissions

3

in one or more of the following particulars:

    a)    Failed to provide adequate surveillance and supervision;

    b)    Failed to attend to Decedent's needs;

    c)    Failed to provide physical assists and assist devices;

    d)    Failed to take fall precautions;

    e)    Allowed Decedent to fall in the skilled dining hall area while unattended;

    f)    Through its acts or omissions was otherwise negligent.

15.    As a direct and proximate result of one or more of the foregoing acts or omissions, Decedent has suffered and sustained permanent and lasting personal injuries including past suffering, humiliation, loss of enjoyment of life and emotional distress; she has suffered permanent and lasting disability; and she has otherwise become obligated for substantial medical expenses in the past.

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant SSLM in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus the costs of this action and attorney's fees incurred in the pursuit of this action.

## COUNT II
### Common Law Negligence—Survival Act Claim against SSLM

16.    Plaintiffs incorporate by reference, as if fully set forth herein, the allegations in Paragraph 1 through Paragraph 8 above.

17.    Plaintiffs bring Count II as Special Representatives for Decedent pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, and 735 ILCS 5/13-209.

18.    At all times relevant hereto, Defendant SSLM, by and through its agents, servants and/or employees, knew Decedent required personal and physical assistance in sitting and standing.

4

19. At all times relevant hereto, Defendant, by and through its agents, servants and/or employees, had a duty to exercise the care a reasonably careful nursing home, by and through its agents, servants and/or employees, would use under similar circumstances in providing personal and physical assistance to Decedent, ALICE BERGETZ.

20. Notwithstanding its duties described above, Defendant, by and through its agents, servants and/or employees, engaged in negligent acts or omissions in one or more of the following particulars:

    a) Failed to provide adequate supervision;
    b) Failed to attend to Decedent's needs;
    c) Failed to provide physical assists and assist devices;
    d) Allowed Decedent to fall in the skilled dining hall area while unattended;
    e) Through its acts or omissions was otherwise negligent.

21. As a direct and proximate result of one or more of the foregoing acts or omissions, Decedent has suffered and sustained permanent and lasting personal injuries including past suffering, humiliation, loss of enjoyment of life and emotional distress; she has suffered permanent and lasting disabilities; and she has otherwise become obligated for substantial medical expenses in the past.

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant SSLM in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus the costs of this action.

## COUNT III
### Wrongful Death Negligence Claim against SSLM

22. Plaintiffs incorporate by reference, as if fully set forth herein, the allegation in Paragraphs 1 through Paragraphs 8 above.

23. Plaintiffs bring Count III as Special Administrators for Decedent

5

pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2, 2.1.

24. At all times relevant hereto, Defendant, SSLM, by and through its agents, servants and/or employees, knew Decedent required personal and physical assistance in sitting and standing.

25. At all times relevant hereto, Defendant, by and through its agents, servants and/or employees, had a duty to exercise the care a reasonably careful nursing home, by and through its agents, servants and/or employees, would use under similar circumstances in providing personal and physical assistance to Decedent, ALICE BERGETZ.

26. Notwithstanding its duties described above, Defendant, by and through its agents, servants and/or employees, engaged in negligent acts or omissions in one or more of the following particulars:

a) Failed to provide adequate supervision;

b) Failed to attend to Decedent's needs;

c) Failed to provide physical assists and assist devices;

d) Allowed Decedent to fall in the skilled dining hall area while unattended;

e) Through its acts or omissions was otherwise negligent.

27. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Decedent ALICE BERGETZ suffered severe injuries resulting in her death on November 6, 2006; she left surviving her two sons, PAUL BERGETZ and CARL BERGETZ, both of whom have sustained a general pecuniary loss, and a loss of society, love and affection by reason of her death.

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant SSLM for an amount in excess of Seventy- Five Thousand Dollars ($75,000.00), plus the costs of this action.

## COUNT IV
## Burial and Funeral Expenses Claim

28.   Plaintiffs incorporate by reference, as if fully set forth herein, the allegations in Paragraph 1 through Paragraph 27 above.

29.   Plaintiffs bring Count IV as Special Administrators and Special Representatives to recover damages resulting from the death of Decedent pursuant to the Common Law, the Survival Statute and the Family Expense Statute, 750 ILCS 65/15.

30.   That as a direct and proximate result of the aforesaid acts and/or omissions by Defendants, Decedent died on November 6, 2006, and burial and funeral expenses were incurred because of Decedent's injuries and resulting death.

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus the costs of this action.

Respectfully Submitted,


By:      s/ Gary D. McCallister_____
         Gary D. McCallister
         Attorney for Plaintiffs


Gary D. McCallister & Associates, LLC
120 North LaSalle Street, Suite 2800
Chicago, Illinois 60602
(312) 345-0611
(312) 345-0612 (fax)

7

## **Demand For Jury Trial**

NOW COMES, the Plaintiffs and hereby demand a trial by jury as to all issues of fact properly submitted to a jury.

                Respectfully Submitted,

                By:    s/ Gary D. McCallister
                      Gary D. McCallister
                      Attorney for Plaintiffs